## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLA LEGATES,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF OKLAHOMA, ex rel<br>ROGERS COUNTY DEPARTMENT OF<br>HUMAN SERVICES, et al.,<br><br>                Defendant. | Case No. 09-CV-29-TCK-FHM |

## OPINION AND ORDER

Plaintiff's Motion for Order for Disclosure of Records [Dkt. 37] is before the undersigned United States Magistrate Judge for decision. Defendants have filed a response. [Dkt. 40].

Plaintiff seeks an order directing the Oklahoma Department of Human Services (DHS) to deliver to the Court any and all agency records as defined in 10 Okla. Stat § 7005-1.1 which pertain to Carla Legates, J.L., R.A.W., and R.M.W., and for an order authorizing the release and disclosure of such records to Plaintiff's counsel.

Effective May 21, 2009, 10 Okla. Stat § 7005-1.1 was superceded by 10A Okla. Stat. Supp. 2009 § 1-6-102, which provides that agency records are confidential. Under § 1-6-102(C), agency records may be released or disclosed only pursuant to an order of the court. Section 1-6-102(E) sets forth a procedure for the disclosure of confidential records, as follows:

> E. When confidential records may be relevant in a criminal, civil, or administrative proceeding, an order of the court authorizing the inspection, release, disclosure, correction, or expungement of confidential records shall be entered by the court only after a judicial review of the records and a determination of necessity pursuant to the following procedure:

1. A petition or motion shall be filed with the court describing with specificity the confidential records being sought and setting forth in detail the compelling reason why the inspection, release, disclosure, correction, or expungement of confidential records should be ordered by the court. A petition or motion that does not contain the required specificity or detail may be subject to dismissal by the court;

2. Upon the filing of the petition or motion, the court shall set a date for a hearing and shall require notice of not less than twenty (20) days to the agency or person holding the records and the person who is the subject of the record if such person is eighteen (18) years of age or older or to the parents of a child less than eighteen (18) years of age who is the subject of the record, to the attorneys, if any, of such person, child or parents and any other interested party as ordered by the court. The court may also enter an ex parte order compelling the person or agency holding the records to either produce the records to the court on or before the date set for hearing or file an objection or appear for the hearing. The court may shorten the time allowed for notice due to exigent circumstances;

3. At the hearing, should the court find that a compelling reason does not exist for the confidential records to be judicially reviewed, the matter shall be dismissed; otherwise, the court shall order that the records be produced for a judicial review. The hearing may be closed at the discretion of the court; and

4. The judicial review of the records shall include a determination, with due regard for the confidentiality of the records and the privacy of persons identified in the records, as to whether an order should be entered authorizing the inspection, release, disclosure, correction, or expungement of the records based upon the need for the protection of a legitimate public or private interest.

Defendants assert that pursuant to § 1-6-102(E) the order issued by the court should compel DHS to disclose the confidential records to the court for review and if the court determines that disclosure of agency records should be made to Plaintiff, then that disclosure should be made pursuant to an agreed protective order. [Dkt. 40].

This case, brought under 42 U.S.C. § 1983, alleges violations of the United States Constitution. Accordingly, federal law concerning procedure and privileges govern the conduct of this case, not the procedures contained in §1-6-102 (E). Fed.R.Civ.P. 1, Fed.R.Evid. 501, *Hinsdale v. City of Liberal, Kansas*, 961 F.Supp. 1490, 1495 (D.Kan. 1997) (state law does not govern discoverability and confidentiality in federal question cases).

In view of the allegations in Plaintiff's Amended Complaint, [Dkt. 25], and the scope of discovery under Fed. R. Civ. P. 26, the DHS agency records concerning Plaintiff and her children are an appropriate area of discovery in this case, and therefore must be produced as set forth herein. The Federal Rules of Civil Procedure provide ample means to protect the confidentiality of the records to be produced and the privacy interests recognized in § 1-6-102(E). There is no reason to encumber document production in this case with the procedures contained in that state statute.

Although § 1-6-102 (E) does not control the scope of discovery or the procedures to be used in this case, the court recognizes the statutes' expression of the state's interest in protecting the confidentiality of agency records and the privacy of persons identified therein. As custodian of the documents, DHS is in a better position than the court is to consider in the first instance whether and how particular documents should be protected given the facts and circumstances of this case. DHS is also in a position to provide notice to any person who it determines should be advised of the requested disclosure of records. It is therefore appropriate to place the obligation on DHS to review the documents, to identify any particular documents in need of protection, to give notice to appropriate persons, and to negotiate with Plaintiff's counsel about the terms of a protective order in

light of the needs of this case.  The parties are therefore ordered to confer to attempt to agree on the terms of a protective order to govern the handling and use of the records.  If the parties are unable to resolve the matter after a good faith conference, DHS may file a motion for protective order addressing the specific records at issue.

Plaintiff's Motion for Order for Disclosure of Records [Dkt. 37] is GRANTED in part and DENIED in part.  The Oklahoma Department of Human Services is hereby authorized and required to release agency records pertaining to Carla Legates, J.L., R.A.W., and R.M.W., in accordance with the terms of this Opinion and Order.  The Order to disclose agency records is made without prejudice to the Oklahoma Department of Human Services seeking a protective order, including a request that specific records not be produced at all or that specific records be produced only under certain conditions, such as attorney's eyes only or other appropriate conditions.

SO ORDERED this 18th day of September, 2009.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE